UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

DOMINIC DUPONT,

                Petitioner,

          -against-

WILLIAM PHILLIPS,

                Respondent.
----------------------------------------------------------x

MEMORANDUM & ORDER
05-CV-3426 (NGG)

**NOT FOR PUBLICATION**

GARAUFIS, United States District Judge.

On July 11, 2005, petitioner filed the instant petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 1998 Kings County conviction. Petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, petitioner is directed to submit an affirmation to show cause why the petition should not be dismissed as time-barred, within 60 days of this order. With this Order, the court hereby holds in abeyance the August 1, 2005 Order to Show Cause, pending resolution of the timeliness of the petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

1

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S.320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

Petitioner's instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254 may be time-barred under the Act. Petitioner alleges that he was convicted on August 14, 1998. (Petition at 1, ¶ 2.) The Appellate Division, Second Department, affirmed the conviction on May 21, 2001. See People v. Dupont, 283 A.D.2d 587, 724 N.Y.S.2d 901 (2d Dept. 2001). On October 21, 2001, the New York State Court of Appeals denied petitioner leave to appeal. See People v. Dupont, 97 N.Y.2d 640 (2001). A petitioner's judgment of conviction becomes final 90 days from the date the New York State Court of Appeals denies leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001). Therefore, petitioner's conviction became final on or about January 10, 2002.

Petitioner alleges that he filed two motions pursuant to N.Y. Crim. Pro. Law 440.10 ("440"), and two writs or error coram nobis. (See Appendix, annexed to Petition at 17-19.) Petitioner alleges that on May 20, 2002, he filed the first 440, which was denied on September 18, 2002, and on January 13, 2003, leave to appeal was denied. (Id. at 17.) On June 25, 2004,

2

petitioner filed the second 440, which was denied on March 17, 2005, and on June 7, 2005, leave to appeal was denied. (Id.) In addition, petitioner alleges that on August 14, 2003, he filed the first writ of error coram nobis, which was denied on November 17, 2003, and on February 25, 2004, leave to appeal was denied. (Id.) See People v. Dupont, 1 N.Y.3d 627 (2004); People v. Dupont, 1 A.D.2d 528 (2d Dept. 2003). On February 2, 2005,[1] petitioner alleges he filed the second writ of error coram nobis, which was denied on May 24, 2004. (Id. at 18.) See People v. Dupont, 7 A.D.3d 809 (2d Dept. 2004).

Petitioner is advised that filing a post-conviction motion does not start the one-year statute of limitations period to run anew. 28 U.S.C. § 2244(d)(2). Rather, the tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motions were pending within the one-year grace period and merely excludes the time the motions were under submission from the calculation of the one-year statute of limitations. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

Furthermore, the statute of limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*), cert. denied, 531 U.S. 840 (2000) (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling).

---

[1] This Court notes that although petitioner alleges that he filed the second writ of error coram nobis on February 2, 2005, this is an error as the reported case indicates that the writ was denied prior to that date, on May 24, 2004.

3

Petitioner is hereby directed to show cause by affirmation, within 60 days from the date of this order, why the statute of limitations should not bar the instant petition.[2] Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred). No response shall be required at this time and all further proceedings shall be stayed for 60 days for petitioner to comply with this order. Petitioner's affirmation shall include the date that he filed the second writ of error coram nobis. Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 16, 2005  /s/ Nicholas Garaufis
      Brooklyn, N.Y.  NICHOLAS G. GARAUFIS
                                                United States District Judge.

---

[2] An affirmation form is attached to this Order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

DOMINIC DUPONT,

        Petitioner,

    -against-

WILLIAM PHILLIPS,

        Respondent.
--------------------------------------------------------x

**PETITIONERS AFFIRMATION**
05-CV-3426 (NGG)

STATE OF _____ }
COUNTY OF _____ } SS:

    DOMINIC DUPONT, makes the following affirmation under the penalties of perjury:

    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____.  The instant petition should not be time-barred by the one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____                    _____
                                         Signature

                                         _____
                                         Address
                                         _____

                                         _____
                                         City, State & Zip