UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

DOMINIC DUPONT,

        Petitioner,

    -against-

WILLIAM PHILLIPS,

        Respondent.
----------------------------------------------------------x

MEMORANDUM & ORDER
05-CV-3426 (NGG)

**NOT FOR PUBLICATION**

GARAUFIS, United States District Judge.

On July 11, 2005, Dominic Dupont ("Petitioner") filed the instant petition pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 1998 Kings County conviction. In a Memorandum & Order dated August 16, 2005 ("Aug. 16, 2005 M&O"), I directed the Petitioner to submit an affirmation explaining why his petition should not be dismissed as time-barred within 60 days of that order. At that time, I held in abeyance the August 1, 2005 Order to Show Cause issued in this matter, pending resolution of the timeliness of the petition.

On October 14, 2005, the Petitioner timely filed an affirmation with this court in accordance with my directive ("Pet.'s Aff."). I have reviewed the affirmation, and for the reasons set forth below, I find that the petition will be deemed timely for the purposes reviewing the Petitioner's habeas petition on its merits. Accordingly, I hereby lift the abeyance put in place on August 16, 2005, and direct the Respondent to respond to the petition no later than July 15, 2006. Should the Respondent choose to argue the timeliness of the petition in its responsive submissions, I will entertain such arguments and reconsider the issue if appropriate.

1

I.  **Discussion**

   A.  **AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act").

In my August 16, 2005 M&O, I advised the Petitioner that filing a post-conviction motion does not start the AEDPA one-year statute of limitations period to run anew. 28 U.S.C. §

2244(d)(2). Rather, the tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motions were pending within the one-year grace period and merely excludes the time the motions were under submission from the calculation of the one-year statute of limitations.[1] Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

Petitioner was convicted on August 14, 1998. (Petition at 1, ¶ 2.) The Appellate Division, Second Department, affirmed the conviction on May 21, 2001. See People v. Dupont, 283 A.D.2d 587, 724 N.Y.S.2d 901 (2d Dep't 2001). On October 21, 2001, the New York State Court of Appeals denied petitioner leave to appeal. See People v. Dupont, 97 N.Y.2d 640 (2001). A petitioner's judgment of conviction becomes final 90 days from the date the New York State Court of Appeals denies leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001). Therefore, petitioner's conviction became final on or about January 10, 2002. Thus, under AEDPA, Petitioner had 365 days from January 10, 2002, *plus* any days during which a properly filed application for state post-conviction or other collateral review of his conviction was pending, to timely file his habeas petition. Pratt v. Greiner, 306 F.3d 1190, 1195 (2d Cir. 2002) ("[T]o be timely, his federal habeas petition was required to be filed one year later . . . unless the period was tolled."). As Petitioner properly filed several post-conviction motions which tolled the limitations period, determining the

---

[1] I also apprised the Petitioner of the fact that the statute of limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam), cert. denied, 531 U.S. 840 (2000) (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling). However, in his affirmation, the Petitioner has not put forth an argument in favor of equitable tolling, and the issue therefore will not be addressed in this M&O.

3

timeliness of his 2254 petition is a complicated matter.

B.    Timeliness of Petitioner's Habeas Corpus Petition

Petitioner filed four post-conviction motions which served to toll the one-year statute of limitations under Section 2254, namely two motions pursuant to N.Y. Crim. Pro. Law 440.10 ("440"), and two writs of error coram nobis. Petitioner attests that on May 20, 2002, he filed his first 440 motion, which was denied on September 18, 2002, and on January 13, 2003, leave to appeal was denied. (Pet.'s Aff. at 2.) On June 25, 2004, petitioner filed the second 440 motion, which was denied on March 17, 2005, and on June 7, 2005, leave to appeal was denied. (Id. at 2-3.) On August 14, 2003, he filed his first writ of error coram nobis, which was denied on November 17, 2003, and leave to appeal was denied on February 25, 2004. (Id.) See People v. Dupont, 1 N.Y.3d 627 (2004); People v. Dupont, 1 A.D.2d 528 (2d Dep't 2003). On March 1, 2004, petitioner filed his second writ of error coram nobis, which was denied on May 24, 2004, and on November 8, 2004, leave to appeal was denied. (Pet.'s Aff. at 3) See People v. Dupont, 7 A.D.3d 809 (2d Dep't 2004).

The Petitioner has supplied the court with an informative time-line of the procedural history outlined above, indicating when the limitations period was tolled and when it ran from the period between January 10, 2002 (the date on which his conviction became final) and June 13, 2005 (the date on which he filed the instant 2254 petition). Upon review, I find that the Petitioner's illustration of the running of the limitations period is correct on its face.

On May 20, 2002, Petitioner filed his first 440 motion, which tolled the running of the limitations period on that date. See Geraci v. Senkowski, 211 F.3d 6, 8 -9 (2d Cir. 2000). Thus, the limitations period ran from January 10, 2002 through May 20, 2002 – a total of 130 days,

leaving Petitioner with 235 days left to file his habeas petition. On January 13, 2003, the Appellate Division, Second Department denied Petitioner's motion for leave to appeal the denial of his 440 motion. This ended the tolling period and re-triggered the running of the limitations period. See id. The limitations period was tolled again on August 14, 2003 when Petitioner filed his first error coram nobis petition. See Clark v. Stinson, 214 F.3d 315, 319 (2d Cir. 2000) ("the four months that [petitioner's] petition for a writ of error coram nobis was pending in New York are not counted toward the statutory limit"). Thus, an additional 213 days ran in the 365-day grace period, bringing the total number up to 343 days. This left Petitioner with twenty-two days in which to file his Petition. The limitations period remained tolled from August 14, 2003 through February 25, 2004, when the New York Court of Appeals denied Petitioner leave to appeal. See id. Subsequently, the period ran for five days, from February 25, 2004 until March 1, 2004, the date on which Petitioner filed his second error coram nobis petition, leaving Petitioner seventeen days in which to timely for habeas relief. This again tolled the running of the limitations period through November 8, 2004, when the New York Court of Appeals denied Petitioner's application for leave to appeal the Second Department's denial of the error coram nobis petition. The toll, however, was not lifted on November 8, 2004 due to the fact that Petitioner filed his second 440 motion prior to that date, on June 25, 2004. Thus, the filing of this 440 motion, which was still pending as of November 8, 2004, served to continue the tolling period. See Dominguez v. Portundo, No. 02 Civ. 5885, 2004 WL 2002930, at *2-3 (S.D.N.Y. Sept. 8, 2004) (AEDPA statute of limitations is tolled throughout the period that *overlapping* post-conviction challenges are pending.). The tolling concluded on June 7, 2005, the date on which the Second Department denied leave to appeal the denial of the second 440

motion. Thus, the Petitioner's final seventeen days began to run again on June 7, 2005. Petitioner filed his 2254 petition six days later, on June 13, 2005. His petition, therefore, was timely because it was filed eleven days before the expiration of his 365-day grace period under AEDPA's statute of limitations.

### III.    Conclusion

For the reasons stated above, the court finds that Petitioner's habeas petition has been timely filed under AEDPA. I hereby lift my previously imposed abeyance of the August 1, 2005 Order to Show Cause and direct the Respondent in this matter to respond to the Petitioner's Section 2254 petition no later than July 15, 2006. As the Respondent did not submit arguments on the issue of the petition's timeliness, it may do so in its responsive submissions, notwithstanding the conclusion reached in this Memorandum & Order. I will entertain such arguments and reconsider the timeliness issue if I deem it appropriate to do so.

The Clerk of Court is directed to mail a copy of this M&O to the pro se petition.


SO ORDERED.

Dated: May 19, 2006  /s/ Nicholas Garaufis
      Brooklyn, N.Y.  NICHOLAS G. GARAUFIS
                                United States District Judge.